Jeffrey I. Golden, State Bar No. 133040
jgolden@go2.law
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Counsel for Debtor and
Debtor-In-Possession

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>3000 E. IMPERIAL, LLC,<br><br>        Debtor and Debtor-in-Possession. | Case No. 8:25-bk-11912-SC<br><br>Chapter 11<br><br>Jointly Administered with:<br>Case No. 8:25-bk-11913-SC<br>Case No. 8:25-bk-11916-SC |
| Affects:<br><br>☐ 3000 E. Imperial, LLC<br><br>☐ Plaza Mexico Residences, LLC<br><br>☐ Plaza Mexico Residences II, LLC<br><br>☒ All Debtors | **DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF CONFIRMATION OF DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION DATED JANUARY 9, 2026**<br><br>Date:    June 10, 2026<br>Time:    1:30 p.m.<br>Place:    Courtroom 5C/Via ZoomGov<br>           411 W. Fourth St., 5th Floor<br>           Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, ABRA LENDING, INC., AND OTHER PARTIES IN INTEREST:**

3000 E. Imperial, LLC ("3000 Imperial"), Plaza Mexico Residences, LLC ("PMR I") and Plaza Mexico Residences II, LLC ("PMR II" and together with PMR I, "PMR Debtors"), debtors and debtors-in-possession ("Debtors") in the above-captioned chapter 11 bankruptcy cases ("Cases"), hereby.  In support of the Sale Procedures Motion, the Debtors

submit the following supplemental brief ("Supplemental Brief") in support of confirmation of the Debtors' Second Amended Joint Plan of Liquidation dated January 9, 2026 (the "Plan"), and respectfully state as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On March 20, 2026, the Debtors filed their *Amended Motion to Confirm Plan; Memorandum of Points and Authorities in Support of Confirmation of Debtors' Second Amended Joint Plan of Liquidation dated January 9, 2026* ("Confirmation Brief").[1] On April 1, 2026, the Debtors filed an *Errata to the Amended Motion to Confirm Plan* ("Errata"). The hearing on confirmation of the Plan was scheduled for May 13, 2026, prior to which the Court posted a tentative ruling ("Tentative").  At the May 13, 2026, hearing, the Court continued the confirmation hearing to June 11, 2026, to allow the Debtors to address certain issues in the Confirmation Brief as described in the Tentative.

Specifically, and as set forth more fully below, the Debtors have clarified their confirmation analysis on a class-by-class basis, clarified the Plan's class structure and impairment status, reconciled the ballot analysis, confirmed the statutory treatment of PMR Class 2 claimants, and provided a class-specific cramdown explanation for impaired non-accepting classes.

### II.    CLASS-BY-CLASS ANALYSIS

As an initial matter, to the extent an impaired class or members of a class did not affirmatively accept the plan (i.e. did not submit ballots), the Debtors did not rely on that absence of a rejecting vote as acceptance of the Plan with respect to that class. Section[2] 1129(a)(8) requires that each class affirmatively accept the Plan or that such non-accepting class is not impaired under the Plan.  If a class does not affirmatively accept the Plan, Section 1129(b) provides that the Plan may nevertheless be confirmed if it "does not

<div style="margin-left:2em; font-weight:bold;">Golden Goodrich LLP<br>3070 Bristol Street, Suite 640<br>Costa Mesa, California 92626<br>Tel 714-966-1000   Fax 714-966-1002</div>

---

[1] Capitalized terms not otherwise defined in this Supplemental Brief shall have the same meanings given to them in the Confirmation Brief.

[2] All references to "Section" are to sections of the Bankruptcy Code.

discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." As set forth below, as to each class and subclass of creditors, the Plan has either been affirmatively accepted or it is fair and equitable as to such non-accepting class.

**A. 3000 Imperial Debtor**

    **a. Class 1**

3000 Imperial Class 1 is comprised of the secured creditor, Abra Lending, Inc ("Abra"). The Debtors and Abra entered into a court-approved Stipulation setting forth a repayment plan and the Plan incorporates that Stipulation. As a result, Abra is impaired. Abra submitted a ballot voting to accept the Plan. Accordingly, Section 1129(a)(8) is satisfied with respect to 3000 Class 1. *See* Exhibit 1, hereto.

    **b. Class 2**

3000 Imperial Class 2 is empty. There are no priority unsecured claims for 3000 Imperial that were either filed or scheduled.

    **c. Class 3**

3000 Imperial Class 3 is comprised of a convenience class of general unsecured claims estimated to total $12,640.28. Under the Plan, Allowed Class 3 Claims will be paid in full on the Effective Date and is impaired. No member of Class 3 cast a ballot and therefore it does not count for the purposes of Section 1129(a)(8).

Pursuant to Section1129(b)(2)(B), with respect to a class of unsecured claims, a plan is fair and equitable if either of following is true:

> "(i) the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim;
>
> or
>
> (ii) the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property, except that in a case in which the debtor is an individual, the debtor may retain property included in

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

the estate under section 1115 [11 USCS § 1115], subject to the requirements of subsection (a)(14) of this section.

In other words, if an unsecured creditor receives the full amount of its claim on the effective date or in the event the claim is not paid in full, no junior claim or interest holder will receive distributions under the plan, the plan will satisfy Section 1129(b)'s "fair and equitable" requirement. Here, the Plan provides that holders of Class 3 Allowed Claims will be paid in full on the Effective Date. *See* Plan at p. 11.  Moreover, because Class 3 is comprised of similarly situated, non-Litigation Claimant unsecured creditors, and will pay those claims in full, it does not unfairly discriminate against 3000 Imperial Class 3. Accordingly, Section 1129(b) is satisfied with respect to 3000 Imperial Class 3.

### d.  Class 4

3000 Imperial Class 4 is comprised of general unsecured claims, including those of the Litigation Claimants, and is impaired under the Plan. The Plan provides that "[t]o the extent there are remaining 3000 Available Funds after payment of senior claims, Allowed Class 4 Claims will be paid pro rata based on the amount of their total Allowed Class 4 Claim." *See* Plan at p. 12.

The seven (7) Class 4 Litigation Claimants who cast a ballot voted to accept the Plan. *See* Exhibit 1, hereto.  Section 1126(c) provides that "[a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class."  A class of creditors accepts a plan if, of the creditors who vote in that class, "at least two-thirds in amount and more than one-half in number of the allowed claims of such class" accept the plan. In re Real Wilson Enters., 2013 Bankr. LEXIS 3997, *9 (Sept. 23. 2013 Bankr. E.D. CA); *see also* 11 U.S.C. § 1126(c) (""[a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class."). Because all seven (7) of the holders of 3000 Imperial Class 4 claims who cast ballots voted affirmatively to accept the plan (100% in

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

4

number) and these holders represent 100% in amount of such claimants, *see* Exhibit 1, 3000 Imperial Class 4 has accepted the Plan and Sections 1126(c) and 1129(a)(8) are satisfied with respect to that class.

Further, PMR Class 4 is an impaired, accepting and non-insider class for the purposes of Section 1129(a)(10), which requires "at least one class of claims that is impaired under the plan has accepted the plan" without including the acceptance of any insider. *See* Exhibit 1.

### e. Class 5A

3000 Imperial Class 5A is comprised of the subordinated claims of the Litigation Claimants, which claims are subordinated pursuant to a court-approved Litigation Settlements.  The Plan, incorporating the terms of the Litigation Settlements, provides that "to the extent there are sufficient 3000 Available Funds after payment of senior claims, Allowed Class 5A Claims will share pro rata, based upon the amount of their total Allowed Class 5A Claim only, with Allowed subordinated claims in Class 5B and Allowed interest holders in Class 5C." *See* Plan at p. 13.

The seven (7) 3000 Imperial Class 5A Litigation Claimants who cast a ballot voted to accept the Plan.  *See* Exhibit 1. Because all seven (7) of the holders of Class 5A claims who cast ballots voted affirmatively to accept the plan (100% in number) and these holders represent 100% in amount of such claimants, *see* Exhibit 1, 3000 Imperial Class 5A has accepted the Plan and Sections 1126(c) and 1129(a)(8) are satisfied with respect to that class.

Further, 3000 Imperial Class 5A is an impaired, accepting and non-insider class for the purposes of Section 1129(a)(10), which requires "at least one class of claims that is impaired under the plan has accepted the plan" without including the acceptance of any insider. *See* Exhibit 1.

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

### f. Class 5B

3000 Imperial Class 5B is comprised of the subordinated claims of PMR I and PMR II, who are proponents of the Plan. The Plan, incorporating the terms of the Settlement Agreement, provides that "to the extent there are sufficient 3000 Available Funds after payment of senior claims, Allowed Class 5B Claims will share pro rata with Allowed subordinated claims in Class 5A and Allowed interest holders in Class 5C." *See* Plan at p. 13. As proponents of the Plan, PMR I and PMR II did not receive ballots and are deemed to accept the treatment set forth therein. Accordingly, Section 1129(a)(8) is satisfied with respect to 3000 Imperial Class 5B.

### g. Class 5C

3000 Imperial Class 5C is comprised of equity interest holders and is impaired under the Plan. Again, pursuant to the court-approved Settlement Agreement, the Plan provides that "to the extent there are remaining 3000 Available Funds after payment of senior claims, Allowed Class 5C interest holders will share pro rata with Allowed Claims in Classes 5A and 5B consistent with its interest." *See* Plan at p. 13.

While no 3000 Imperial Class 5C interest holder cast a ballot with respect to the Plan, the Plan is fair and equitable as to Class 5C because no holder of any claim or interest that is junior to the claims of such class will receive or retain under the plan on account of such junior claim or interest any property. *See* 11 U.S.C. § 1129(b)(2)(C). Thus, the Plan satisfies Section 1129(b).

### B. PMR Debtors

#### a. Class 1

PMR Class 1 consists of claims that are secured by liens on property of the Estate. The total amount of PMR Class 1 claims that have been filed or scheduled is $0. As a result, PMR Class 1 is empty.

#### b. Class 2

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

PMR Class 2 is comprised of Priority Unsecured Claims of the PMR Debtors. While the Plan estimates that these claims total approximately $90,575.16, these claims were miscategorized and will be treated as Priority Tax Claims. The Internal Revenue Service and the California Department of Tax and Fee Administration were placed in Class 2 but rather should be Priority Tax Claims. Indeed, the IRS claims are identified as PMR Priority Tax claims and the Plan provides that such claims "will be paid in full. Alternatively, the IRS will receive, in full and final satisfaction of such claim, a pro rata share of the remaining PMR Available Funds." *See* Plan at p. 9. This treatment satisfies Section 1129(b)(2)(B) because in the unlikely event the PMR's Priority Tax Claims are not paid in full, then no junior class will receive a distribution under the Plan. *See* 11 U.S.C. 1129(b)(2)(B)(ii) (plan is fair and equitable if "the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property. . .").

### c.  Class 3

PMR Class 3 is comprised of a convenience class of general unsecured claims and the estimated total amount of such is $0. As a result, PMR Class 3 is empty.

### d.  Class 4

PMR Class 4 is comprised of the general unsecured claims of Litigation Claimants and the IRS and is impaired. The Plan provides that "[t]o the extent there are remaining PMR Available Funds, Allowed Class 4 Claims will share pro rata. Litigation Claimants will share pro rata based upon the amount of their total claim allocated as an Allowed General Unsecured Claim, less any payments received from 3000 Imperial on account of their Allowed General Unsecured Claim." *See* Plan at p. 15.

The IRS received a PMR Class 4 ballot, but did not return it.  The seven (7) Litigation Claimants in PMR Class 4 who cast ballots affirmatively voted to accept the Plan.  Section 1126(c) provides that "[a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

number of the allowed claims of such class." A class of creditors accepts a plan if, of the creditors who vote in that class, "at least two-thirds in amount and more than one-half in number of the allowed claims of such class" accept the plan. In re Real Wilson Enters., 2013 Bankr. LEXIS 3997, *9 (Sept. 23. 2013 Bankr. E.D. CA); *see also* 11 U.S.C. § 1126(c) ("[a] class of claims has accepted a plan if such plan has been accepted by creditors . . . that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class."). Because all seven (7) of the holders of PMR Class 4 claims who cast ballots voted affirmatively to accept the plan (100% in number) and these holders represent 100% in amount of such claimants, *see* Exhibit 1, PMR Class 4 has accepted the Plan and Sections 1126(c) and 1129(a)(8) are satisfied with respect to that class.

Further, PMR Class 4 is an impaired, accepting and non-insider class for the purposes of Section 1129(a)(10), which requires "at least one class of claims that is impaired under the plan has accepted the plan" without including the acceptance of any insider. *See* Exhibit 1.

### e. Class 5A

PMR Class 5A is comprised of the subordinated claims of the Litigation Claimants, which claims are subordinated pursuant to the court-approved Litigation Settlements. The Plan, incorporating the terms of the Litigation Settlements, provides that "[t]o the extent there are sufficient PMR Available Funds after payment of senior claims, Allowed Class 5A Claims will share pro rata with Allowed Class 5B interest holders. *See* Plan at p. 16.

The PMR Class 5A ballot of Jing Peng did not fill out the section to indicate whether the ballot was cast to accept or reject the Plan. As such, the ballot does not count toward the PMR Class 5A tabulation. The six (6) Litigation Claimants that submitted a proper PMR Class 5A ballot each voted affirmatively to accept the Plan. *See* Exhibit 1. Because all six (6) of the holders of PMR Class 5A claims who cast ballots voted affirmatively to accept the plan (100% in number) and these holders represent 100% in amount of such claimants, *see*

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

8

Exhibit 1, PMR Class 5A has accepted the Plan and Sections 1126(c) and 1129(a)(8) are satisfied with respect to that class.

Further, PMR Class 5A is an impaired, accepting and non-insider class for the purposes of Section 1129(a)(10), which requires "at least one class of claims that is impaired under the plan has accepted the plan" without including the acceptance of any insider. *See* Exhibit 1.

### f.  Class 5B

PMR Class 5B is comprised of equity interest holders who filed a timely proof of interest that is not disputed. Two individuals, who are scheduled as equity interest holders and did not submit a proof of claim, returned blank ballots indicating an acceptance of the Plan, but failing to indicate which PMR Class they belonged to. While we believe these individuals could be in PMR Class 5B as equity interest holders, their votes were not counted.  One interest holder returned a PMR Class 5B ballot and voted to accept the Plan. *See* Exhibit 1.  Accordingly, Sections 1126(c) and 1129(a)(8) are satisfied with respect to PMR Class 5B.

### III.    CONCLUSION

WHEREFORE, based on the foregoing, the Debtors respectfully request the entry of an order confirming the Plan.

Respectfully submitted,

Dated: May 27, 2026          GOLDEN GOODRICH LLP

By: ___*/s/ Jeffrey I. Golden*_____
       JEFFREY I. GOLDEN

Counsel for 3000 E. Imperial, LLC, Plaza
Mexico Residences I, LLC and
Plaza Mexico Residences II, LLC

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

9

# EXHIBIT 1

**EXHIBIT 1 - Ballot Tabulation**

**3000  Imperial Class 1**

| Creditor | Claim Amount | Insider? | Vote |
|---|---|---|---|
| Abra Lending, Inc. | $6,386,416.67 | No | Accept |

| | Number | Amount |
|---|---|---|
| **Accepting** | 1 | $6,386,416.67 |
| **Rejecting** | 0 | $0 |
| **Percent Accepting** | **100%** | **100%** |

**3000 Imperial Class 2**

Class is empty – no votes cast

**3000 Imperial Class 3**

No votes cast – not counted for confirmation purposes under Section 1129(a)(8)

**3000 Imperial Class 4**

| Creditor | Claim Amount | Insider? | Vote | Reject |
|---|---|---|---|---|
| Jing Peng | $3,393,327.63[1] | No | Accept | |
| Yubing Yuan | $3,647,274.26 | No | Accept | |
| Jianchi Chen | $3,531,930.99 | No | Accept | |
| Xiaoping Cao | $3,192,156.86 | No | Accept | |
| Guannan Shi | $3,159,911.90 | No | Accept | |
| Chen Hu | $3,193,208.33 | No | Accept | |
| Kun Guo | $3,010,731.55 | No | Accept | |

| | Number | Amount |
|---|---|---|
| **Accepting** | 7 | $ 23,128,541.54 |
| **Rejecting** | 0 | $0 |
| **Percent Accepting** | **100%** | **100%** |
| | | |

---

[1] Claim amounts pulled from filed proofs of claim.  Pursuant to the terms of the Litigation Settlements, if a Litigation Claimant's total Arbitration Claim is greater than or equal to $2 million, then the Arbitration Claim shall be allocated as 50% Allowed GeneralUnsecured Claim and 50% Allowed Class 5A interest subordinated under Section 510(b). If the Litigation Claimant's total Arbitration Claim is less than $2 million, the Allowed General Unsecured Claim shall be the lesser of $1 million or 65% of the Arbitration Claim, and the remaining amount shall be subordinated to Class 5A under Section 510(b).

**EXHIBIT 1, PAGE 10**

**3000 Imperial Class 5A**

| Creditor | Claim Amount | Insider? | Vote | Reject |
|---|---|---|---|---|
| Jing Peng | $3,393,327.63[2] | No | Accept | |
| Yubing Yuan | $3,647,274.26 | No | Accept | |
| Jianchi Chen | $3,531,930.99 | No | Accept | |
| Xiaoping Cao | $3,192,156.86 | No | Accept | |
| Guannan Shi | $3,159,911.90 | No | Accept | |
| Chen Hu | $3,193,208.33 | No | Accept | |
| Kun Guo | $3,010,731.55 | No | Accept | |

| | Number | Amount |
|---|---|---|
| **Accepting** | 7 | $ 23,128,541.54 |
| **Rejecting** | 0 | $0 |
| **Percent Accepting** | **100%** | **100%** |

**3000 Imperial Class 5B**

3000 Imperial Class 5B (PMR I and PMR II) did not vote.

**3000 Imperial Class 5C**

3000 Imperial Class 5C did not vote. Class 5C is not counted for confirmation purposes under Section 1129(a)(8)

**PMR Debtors Class 1**

Class is empty – no votes cast

**PMR Debtors Class 2**

No votes were cast - Class 2 is empty as its members were miscategorized and will be treated as Priority Tax Claims under the Plan.

**PMR Debtors Class 3**

PMR Class 3 is comprised of a convenience class of general unsecured claims and the estimated total amount of such is $0. As a result, PMR Class 3 is empty.

---

[2] Claim amounts pulled from filed proofs of claim. Pursuant to the terms of the Litigation Settlements, if a Litigation Claimant's total Arbitration Claim is greater than or equal to $2 million, then the Arbitration Claim shall be allocated as 50% Allowed GeneralUnsecured Claim and 50% Allowed Class 5A interest subordinated under Section 510(b). If the Litigation Claimant's total Arbitration Claim is less than $2 million, the Allowed General Unsecured Claim shall be the lesser of $1 million or 65% of the Arbitration Claim, and the remaining amount shall be subordinated to Class 5A under Section 510(b).

### PMR Debtors Class 4

| Creditor | Claim Amount | Insider? | Vote | Reject |
|---|---|---|---|---|
| Jing Peng | $3,393,327.63[3] | No | Accept | |
| Yubing Yuan | $3,647,274.26 | No | Accept | |
| Jianchi Chen | $3,531,930.99 | No | Accept | |
| Xiaoping Cao | $3,192,156.86 | No | Accept | |
| Guannan Shi | $3,159,911.90 | No | Accept | |
| Chen Hu | $3,193,208.33 | No | Accept | |
| Kun Guo | $3,010,731.55 | No | Accept | |

| | Number | Amount |
|---|---|---|
| **Accepting** | 7 | $ 23,128,541.54 |
| **Rejecting** | 0 | $0 |
| **Percent Accepting** | **100%** | **100%** |

### PMR Debtors Class 5A

| Creditor | Claim Amount | Insider? | Vote | Reject |
|---|---|---|---|---|
| Jing Peng | $3,393,327.63 | No | Accept | |
| Yubing Yuan | $3,647,274.26 | No | Accept | |
| Jianchi Chen | $3,531,930.99 | No | Accept | |
| Xiaoping Cao | $3,192,156.86 | No | Accept | |
| Guannan Shi | $3,159,911.90 | No | Accept | |
| Chen Hu | $3,193,208.33 | No | Accept | |
| Kun Guo | $3,010,731.55 | No | Accept | |

| | Number | Amount |
|---|---|---|
| **Accepting** | 5 | $ 16,542,005.58 |
| **Rejecting** | 0 | $0 |
| **Percent Accepting** | **100%** | **100%** |

---

[3] Claim amounts pulled from filed proofs of claim.  Pursuant to the terms of the Litigation Settlements, if a Litigation Claimant's total Arbitration Claim is greater than or equal to $2 million, then the Arbitration Claim shall be allocated as 50% Allowed GeneralUnsecured Claim and 50% Allowed Class 5A interest subordinated under Section 510(b). If the Litigation Claimant's total Arbitration Claim is less than $2 million, the Allowed General Unsecured Claim shall be the lesser of $1 million or 65% of the Arbitration Claim, and the remaining amount shall be subordinated to Class 5A under Section 510(b).

** The ballot of Jing Peng did not fill out the section to indicate whether the ballot was cast to accept or reject the Plan. As such, the ballot does not count toward the PMR Class 5A tabulation.

<div align="center">

**PMR Debtors Class 5B**

</div>

| Creditor | Claim Amount | Vote | Reject |
|---|---|---|---|
| Kaixin Ma | $0 | Accept | |

| | Number | Amount |
|---|---|---|
| **Accepting** | 1 | $ 0 |
| **Rejecting** | 0 | $0 |
| **Percent Accepting** | **100%** | **100%** |

**EXHIBIT 1, PAGE 13**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **DEBTORS' SUPPLEMENTAL BRIEF IN SUPPORT OF CONFIRMATION OF DEBTORS' SECOND AMENDED JOINT PLAN OF LIQUIDATION DATED JANUARY 9, 2026** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **May 27, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On (*date*) **May 27, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
411 W. 4th St., Ste 5130/Ctrm 5C
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 27, 2026 | Leila Usmani | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

0.0

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Andrew Christensen    andrew@californiahomelawyer.com
Jeffrey I Golden    jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Kenneth Misken    Kenneth.M.Misken@usdoj.gov
Daniel H Reiss    dhr@lnbyg.com, dhr@ecf.inforuptcy.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Bennett G Young    byoung@jeffer.com, jb8@jmbm.com